UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MAINE

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> RAMON FORESTRY SERVICE and BALDEMAR RAMON, <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. |

INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action to enjoin the defendants Ramon Forestry Services. and Baldemar Ramon from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act, as amended, 29 U.S.C. § 1801, et seq., hereinafter referred to as the MSPA, and the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the FLSA.

### Coverage and Jurisdiction

I.

This court has jurisdiction over this action pursuant to section 502 of the MSPA, 29 U.S.C.§ 1852 and section 17 of the FLSA, 29 U.S.C. §217.

II.

Defendant Ramon Forestry Services is, and at all times hereinafter mentioned was, a corporation having an office and place of business at Clinton, Maine, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in providing forestry services such as planting and thinning commercial forest lands.

III.

Defendant Baldemar Ramon resides in Clinton, Maine, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, principal owner and operating officer of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation.  This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the FLSA.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the FLSA (29 U.S.C.§ 203(r)).

V.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.  Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA (29 U.S.C.§ 203(s)).

VI.

At all times hereinafter mentioned, defendant Ramon Forestry Services has engaged in the activities of recruiting, soliciting, hiring, employing, furnishing and transporting migrant and seasonal agricultural workers for money or other valuable consideration and thus has been a "farm labor contractor" within the meaning and definition of Section 3(7) of the MSPA (29 U.S.C. § 1802(7)).

VII.

At all times hereinafter mentioned, defendant Baldemar Ramon has engaged in the activities of recruiting, soliciting, hiring, employing, furnishing and transporting migrant and seasonal agricultural workers for money or other valuable consideration and thus has been a "farm labor contractor" within the meaning and definition of Section 3(7) of the MSPA (29 U.S.C. § 1802(7)).

<u>FLSA Violations</u>

VIII.

Defendants have repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the FLSA by employing employees for workweeks longer than forty hours without compensating them for their employment in excess of forty hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

IX.

Defendants have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they have failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees.

MSPA Violations

X.

During the year 2004, Defendants committed numerous violations of the MSPA while working as farm labor contractors:

    a.  Defendants violated Section 201(d) (1) of the MSPA by failing to keep accurate records of the numbers of hours worked by migrant agricultural workers;

    b.  Defendants violated Section 201(d) (2) of the MSPA by failing to provide to migrant agricultural workers accurate records of their numbers of hours worked and the specific sums withheld and the purpose of each sum withheld from their pay;

    c.  Defendants violated Section 201(f) of the MSPA by providing false or misleading information to migrant agricultural workers concerning the terms and conditions of agricultural employment for which such workers were recruited;

    d.  Defendants violated Section 202(a) of the MSPA by failing to timely pay the full wages due to migrant agricultural workers;

    e.  Defendants violated Section 202(c) of the MSPA by violating the terms of the working arrangements made with migrant agricultural workers; and

    f.  Defendant violated Section 410(b)(1)(A) of the MSPA and 29 C.F.R. § 500.104(m) by failing to maintain in proper operating condition the door handle of an exit door on a vehicle to be used for transportation of migrant agricultural workers.

Request for Relief

XI.

During the period since January 1, 2004 defendants have repeatedly violated and are violating the aforesaid provisions of the FLSA, as alleged, and a judgment enjoining such

violations is expressly authorized by section 17 of the Act.

XII.

During the period since January 1, 2004, defendants have repeatedly violated the aforesaid provisions of the MSPA, as alleged, and a judgment enjoining such violations is specifically authorized by Section 502 of the MSPA.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from violating the provisions of the FLSA and the MSPA, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of compensation found by the court to be due to employees, together with interest thereon from the date such back wages became due until the date back wages are finally paid, and costs.

        Howard M. Radzely
        Solicitor of Labor

        Frank V. McDermott, Jr.
        Regional Solicitor

        */s/ John S. Casler*
        John S. Casler
        Deputy Regional Solicitor

        U.S. Department of Labor
        Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Room E-375
Boston, MA 02203
TEL: 617-565-2500
FAX: 617-565-2142