UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, v. RAMON FORESTRY SERVICE and BALDEMAR RAMON, Defendants. | CIVIL ACTION<br><br>FILE NO. 05-165-B-S |

## JUDGMENT

Plaintiff has filed a complaint and the defendants have appeared by counsel and agreed to the entry of this judgment without contest.

Defendants specifically admit that certain payroll records they kept for their crews of forestry workers employed in the vicinity of Portage, Maine in mid-June to mid-August, 2004, were materially false.

It is, therefore, ORDERED, ADJUDGED AND DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act, as amended, 29 U.S.C. § 1801, et seq., hereinafter referred to as MSPA, and the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the FLSA, in any of the following manners:

Defendants shall not, contrary to the provision of Sections 7 and 15(a)(2) of the FLSA, knowingly employ nonexempt employees for workweeks longer than forty hours without compensating them for their employment in excess of forty hours in said workweeks, at rates not less than one and one-half times the regular rate at which they are employed.

Defendants shall not knowingly fail to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practice of employment as prescribed by the regulations duly issued pursuant to authority granted in Section 11(c) of the FLSA and found in 29 C.F.R. § 516, and as required by Section 201(d)(1) of the MSPA. Defendants shall maintain accurate records of the starting and ending hours of work each day and of the total hours worked each workweek for each non-exempt employee.

Defendants shall not knowingly fail to provide to migrant agricultural workers accurate records of their numbers of hours worked and the specific sums withheld and the purpose of each sum withheld from their pay as required by Section 201(d)(2) of MSPA.

Defendants shall not knowingly provide false or misleading information to migrant agricultural workers concerning the terms and conditions of agricultural employment for which such workers were recruited, as prohibited by Section 201(f) of MSPA.

In all situations where the compensation of migrant agricultural workers is dependent in whole or in part upon production measured by acreage, defendants shall provide such workers with maps where the acreage measurement of the parcels being worked upon is accurately stated to the best of Defendants' knowledge.

Defendants shall not knowingly fail to timely pay the full wages due to migrant agricultural workers, as required by Section 202(a) of MSPA.

Defendants shall not knowingly violate the terms of working arrangements made with migrant agricultural workers, as prohibited by Section 202(c) of MSPA. This prohibition shall not be construed to prohibit actions with "justification", otherwise permissible under Section 202 (c).

Defendants shall maintain all vehicles used for transportation of migrant agricultural workers in compliance with all applicable Federal and State safety standards, as required by Section 410(b)(1)(A) of the MPSA and 29 C.F.R. § 500.104(m).

By agreement, defendants have paid to plaintiff back wage compensation in the amount of $60,000, to be distributed by plaintiff to employees in accordance with the findings of plaintiff's investigation herein, less deductions for each employee's share of social security and withholding taxes. The defendants shall pay the employer's share of social security and withholding taxes. When recovered wages have not been claimed by an employee within three years, the plaintiff shall deposit such money with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

Defendants shall not, under any circumstances, accept and keep any amount returned to them by any person owed compensation under this judgment, nor shall they recover or attempt to recover any such amounts by any other means. Any such amounts recovered in any manner shall be immediately paid to the plaintiff as above.

Defendants shall further pay civil money penalties to plaintiff pursuant to both the FLSA and MSPA. A $5,000 civil money penalty pursuant to MSPA shall be paid on or before October 1, 2006. A $5,000 civil money penalty pursuant to MSPA shall be paid on or before October 1, 2007. Interest on each such penalty shall also be paid, computed the rate of 1% per annum from the date of entry of this judgment to the date of payment of said penalties.

The back wage and civil money penalty amounts are compromise amounts based in part upon representations by defendants of their financial ability to pay greater amounts. In reaching these compromises, plaintiff has relied upon financial data submitted by defendants. Should this data at a later date be found by this Court to have been materially false, incomplete, or misleading, defendants agree by their assent hereto that the back wage amounts may be increased

by an additional amount of back wages up to $52,000 and additional civil money penalties up to $12,000 each under both MSPA and the FLSA as may be determined by this Court. The parties agree, and the court hereby ORDERS, that in the event plaintiff seeks such additional relief, that the request will be decided by, and at the sole discretion of, a judicial officer designated by this court, upon the basis of such record and such process as that judicial officer may direct, without further review or appeal.

The defendants represent that they have not been knowingly out of compliance with the Act since September 1, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation.

This judgment covers any and all claims that have been threatened or brought, or that may be brought, based on conduct of the defendants within the State of Maine from the date of entry of this judgment to a time period three years previous.

It is further ORDERED, ADJUDGED, AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any state of this proceeding.

Dated February 14, 2006

/s/George Z. Singal
George Z. Singal
Chief United States District Judge

| Defendants hereby consent to entry of this judgment. | Plaintiff moves for entry of this judgment. |
|---|---|
| */s/ Baldemar Ramon*_____<br>Baldemar Ramon, individually<br>and as authorized representative<br>of Ramon Forestry Services, LLC | Howard M. Radzely<br>Solicitor of Labor<br><br>Frank V. McDermott, Jr.<br>Regional Solicitor |
| */s/ Thad B. Zmistowski*_____<br>Thad B. Zmistowski<br>Eaton Peabody | */s/ John S. Casler*_____<br>John S. Casler |

4

| | |
|---|---|
| Attorney for Defendants | Deputy Regional Solicitor<br>Attorneys for Plaintiff |